# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **A.M.**, a minor, and her parents, **S.M. and E.M**,<br><br>                    Plaintiffs,<br><br>   v.<br><br>**Pathways High School, Pathways High, Inc.**,<br><br>                    Defendant. | Case No. 2:25-cv-1720<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

      Plaintiff, A.M., a minor, and her parents and legal guardians, S.M. and E.M, bring this civil rights action against Defendant Pathways High School, Pathways High, Inc. for violations of A.M.'s right to be free from discrimination on the basis of her disabilities under Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973 (Section 504).

## PRELIMINARY STATEMENT

1. A.M. is a 15-year-old child with disabilities who attended school at Pathways High School for the beginning of the 2024-2025 school year. A.M. is diagnosed with several mental health impairments and Speech Language Disorder. A.M. has a history of complex mental health needs based on her diagnoses, which impact her social and emotional development. A.M.'s disabilities significantly impair her ability to regulate her emotions and de-escalate from a heightened emotional state.

2. Pathways High School, by its charter, Pathways High, Inc., ("Pathways") is a public, non-profit charter school located in Milwaukee County, Wisconsin, which accepts federal funds through various federal departments including the U.S. Department of Agriculture, the U.S.

1

Department of Treasury, and the U.S. Department of Education. Pathways charter contract is authorized by the University of Wisconsin – Milwaukee. Pathways' mission is "To Unleash ALL Learners' Potential. NOW."

3. Pathways accepted A.M.'s enrollment as a ninth-grade student for the 2024-2025 school year. Pathways maintained A.M.'s educational record, which included her history of special education and her effective Section 504 Plan for reasonable accommodations and modifications to her education and the educational environment to address her disability-related needs.

4. Pathways failed to provide A.M.'s reasonable accommodations or implement her 504 Plan and, without those necessary supports, A.M.'s challenging behaviors increased as her mental health deteriorated. To manage A.M.'s disability-related needs and challenging behaviors, Pathways utilized increasingly harsh disciplinary measures, leading up to Pathways' eventual expulsion of A.M.

5. In response to a behavioral incident involving peer conflict, Pathways suspended A.M. and initiated expulsion proceedings.

6. Pathways' Director, Maxwell Dodd, communicated with A.M.'s parents regarding the expulsion process. Director Dodd informed Mrs. S.M. and Mr. E.M. that they could appeal the expulsion recommendation through a letter to the Board of Directors.

7. A.M., Mrs. S.M., and Mr. E.M. wrote a letter to the Pathways High School Board appealing the expulsion recommendation on the basis of A.M.'s disabilities, but their appeal was denied.

8. On November 26, 2024, Pathways conducted A.M.'s expulsion hearing in front of the Pathways High, Inc. School Board, and expelled A.M. effective December 2, 2024.

9. Prior to the expulsion hearing, Pathways did not conduct a manifestation determination review meeting as the term is used and required by Section 504. Pathways did not hold a meeting with A.M.'s team to discuss whether her behavior subject to the disciplinary measures were directly related to her disabilities. Pathways did not meet to discuss whether A.M.'s supports and accommodations were provided or whether her 504 Plan had been implemented with fidelity. Pathways excluded A.M. from her education without the required disability-related review, in violation of A.M.'s procedural safeguards.

10. Pathways' expulsion of A.M. for an incident directly related to A,M.'s known disabilities is in violation of her right to be free from discrimination on the basis of her disabilities.

11. Pathways patent disregard of A.M.'s federal rights and exclusion of A.M. from her education due to her disability-related behaviors violates Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

12. Pathways' actions and improper expulsion of A.M. resulted in her inappropriate exclusion from participation in other educational programs.

13. As a result of Pathways' actions, A.M. has experienced the loss of educational opportunities, regression of her skills, emotional distress and anguish, including exacerbation of her mental health conditions, isolation of A.M., damage to A.M.'s reputation in the community and among her peers, and financial burdens on A.M.'s family.

14. As a result of Pathways' actions, A.M. has lost opportunities to learn and grow, to participate in her education and extracurricular activities, and to develop friendships and relationships with her peers and educators—opportunities which she will never get back.

15. This action seeks permanent injunctive relief under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation

Act of 1973 (Section 504), 29 U.S.C. § 794 against Defendant Pathways High School, Pathways High, Inc.

16. This action seeks compensatory damages under the ADA and Section 504 against Defendant Pathways.

17. This action seeks reasonable attorneys' fees and costs under the ADA and Section 504 against Defendant Pathways.

**JURISDICTION AND VENUE**

A. **Jurisdiction**

18. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000d et seq. (the Civil Rights Act of 1964), 42 U.S.C. § 12101 et seq. (ADA), 29 U.S.C. § 794 (Section 504), and 28 U.S.C. § 1331 (federal question jurisdiction).

B. **Venue**

19. The Eastern District of Wisconsin is the proper venue for this action because Plaintiffs reside in, and Plaintiffs' claims arose within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

**PARTIES**

20. Plaintiff A.M. is a minor child who resides in Milwaukee, Milwaukee County, Wisconsin, in the Eastern District of Wisconsin. At all times relevant to this Complaint, she was a resident of Milwaukee, Wisconsin. When this Cause of Action arose, A.M. was a student at Pathways High School. Her parents, S.M. and E.M, pursue her claims on her behalf.

21. Plaintiffs S.M. and E.M. are A.M.'s parents and legal guardians who reside with A.M. in Milwaukee, Milwaukee County, Wisconsin, in the Eastern District of Wisconsin. At all times

relevant to this Complaint, S.M. and E.M were residents of Milwaukee, Wisconsin. When this Cause of Action arose, S.M. and E.M.'s minor child, A.M., was enrolled as a student of Pathways High, Inc., in Milwaukee, Wisconsin. S.M. and E.M pursue their claims on their own behalf.

22. Defendant Pathways High School, organized as Pathways High, Inc., is a public, non-profit Wisconsin Charter School in Milwaukee, Milwaukee County, Wisconsin. Pathways High, Inc.'s charter is authorized by the University of Wisconsin – Milwaukee. Pathways' district office is located at 3022 W. Wisconsin Avenue, Milwaukee, Wisconsin 53208. Pathways is a charter school district that, pursuant to the Wisconsin Constitution and state statutes, operates under the direction of a governance board, the Board of Directors ("Board"), an eight-member school board led by Board President and Pathways Co-Founder Ms. Julia Burns. The Board designates responsibility for the administration of Pathways to its school administrators, currently under the lead of Ms. Amy Kern. Pathways designated discrimination coordinator is Pathways Executive Director, Dr. Steve Gerner. Pathways is a recipient of federal funds and is subject to all applicable state and federal special education and non-discrimination laws.

## FACTUAL ALLEGATIONS

23. A.M. is a sixteen-year-old child with disabilities.

24. A.M.'s biological parents are S.M. and E.M; A.M. resides with them in Milwaukee County.

25. A.M. was a student at Pathways High School for the beginning of the 2024-2025 school year until Pathways expelled her.

26. A.M. is currently enrolled as a student at Dr. Howard Fuller Academy, a public charter school in Milwaukee County.

27. A.M. currently receives special education services and supports through an Individualized Education Program (IEP) at Dr. Howard Fuller Academy to address her social-emotional-learning needs and her Speech Language Disorder.

28. Prior to A.M.'s enrollment at Pathways, A.M. was a student at Milwaukee College Preparatory School (MCP), where she completed her eighth-grade year.

29. A.M. was already identified as a student with a disability at the outset of her enrollment in Pathways High School, which received and managed A.M.'s Section 504 Plan at all times relevant to this Complaint.

30. Pathways is a Wisconsin Public Charter School authorized by the University of Wisconsin – Milwaukee under the laws of the State of Wisconsin and the recipient of federal funds through various U.S. programs.

31. A.M. is diagnosed with Bipolar Disorder, Generalized Anxiety Disorder, Mood Disorder, Adjustment Disorder, and Speech Language Disorder. The hallmarks of A.M.'s disabilities include significant mood instability, aggression, irritability, anxiety, chronic stress, and deficits in emotional regulation, executive functioning, and social functioning.

32. A.M.'s disabilities manifest as behavioral challenges, conflicts with peers, impulsivity, and intense emotional outbursts.

33. A.M.'s disabilities significantly impair her ability to de-escalate from a heightened emotional state and respond to her environment in appropriate ways.

34. A.M. has a history of in-patient hospitalizations due to her complex mental health needs.

35. A.M.'s behavioral challenges are characteristics of her disabilities and form a part of their diagnostic criteria.

36. A.M.'s behavioral challenges are documented through her educational file, which Pathways maintained during A.M.'s enrollment therein.

37. A.M. was eligible for special education services under an IEP at a young age, meeting criteria for speech/language impairment due to weak phonological processing/speech sound production skills and fluency.

38. In 2023, the MCP team conducted A.M.'s special education reevaluation and concluded that she no longer qualified for speech and language services.

39. During the 2023 reevaluation, A.M.'s eligibility for special education under Other Health Impairment was also considered, but at the time the team determined she did not require specialized instruction to address her needs. Instead, MCP found A.M. eligible for and developed a Section 504 Plan due to her mixed disturbance of emotions and conduct significantly impacting her ability to concentrate, regulate her emotions, and complete her schoolwork. The team found these conditions resulted in a substantial degree of impairment.

40. A.M.'s Section 504 Plan included supports and accommodations for emotional regulation, de-escalation, work completion, anxiety reduction strategies, and counseling services to support her mood changes.

41. A.M. was re-evaluated for special education under an IEP in 2025, and found eligible for special education services and supports under the category of Other Health Impairment due to her deficits in executive functioning, emotional regulation, coping skills, and communication.

7

42. A.M.'s disabilities adversely impact her educational performance such that she requires specially designed instruction through an Individualized Education Program (IEP) under the IDEA.

43. Upon information and belief, Pathways did not provide any of A.M.'s necessary accommodations and supports during her 2024-2025 enrollment.

44. Pathways issued numerous disciplinary referrals to A.M. for incidents at school.

45. On November 12, 2024, A.M. was involved in a conflict with a peer, which escalated to a physical altercation after A.M. had become upset by comments that were being made by her peer. Pathways reported that A.M. was highly escalated during the incident and had pushed multiple students and staff.

46. In response to the incident, A.M. was sent home for the day and suspended for five days, pending her expulsion. Director Dodd met with Mr. E.M. via phone call to discuss the situation, reporting that further updates would be provided.

47. Upon information and belief, on November 15, 2024, Director Dodd met with S.M. and E.M. to discuss next steps, explaining that Dodd has significant concerns about whether the school remains an appropriate fit for A.M. Dodd provided the family with a copy of the official suspension/pending expulsion notice and presented the camera footage of the incident.

48. Upon information and belief, the November 15, 2024 meeting did not assess whether A.M.'s behavior on November 12 was a manifestation of, caused by, or directly related to A.M.'s disabilities, nor whether the incident was the result of Pathways failure to provide A.M. with her necessary disability-related accommodations and supports.

49. On November 18, 2024, Dodd spoke with Mr. E.M. via telephone again, asking whether the family intended to write an appeal to the school board disputing the decision to recommend

A.M.'s expulsion, or proceed with the expulsion hearing at that time. Mr. E.M. confirmed the family's intent to appeal Pathways recommendation for expulsion.

50. On November 19, 2024, Dodd spoke with Mrs. S.M., explaining that the steps to the expulsion process include:

  a. Receiving the suspension/expulsion paperwork;
  b. Having up to 10 days to decide whether to submit a formal appeal letter to the Board of Directors;
  c. Initiating the expulsion process; and
  d. Receiving a final verdict via an official letter.

Dodd informed Mrs. S.M. that the process is currently at "step 2," and the deadline to submit their appeal was November 22, 2024. Dodd informed Mrs. S.M. that once the appeal is received, the Board of Directors will finalize scheduling of the expulsion hearing.

51. On November 22, 2024, A.M., Mrs. S.M. and Mr. S.M. wrote a letter to the Board of Directors appealing Pathways' recommendation to expel A.M.

52. On November 25, 2024, Dodd provided the family with available time slots for the upcoming expulsion hearing, which was then scheduled for November 26, 2024.

53. On November 26, 2024, Pathways directors conducted A.M.'s expulsion hearing in front of the Board of Directors, who subsequently expelled A.M. for the November 12, 2024 incident, effective December 2, 2024.

54. After Pathways expelled A.M. from its school, Mrs. S.M. connected with an advocate from Disability Rights Wisconsin, who inquired with Pathways staff about whether Pathways conducted a manifestation determination review meeting prior to taking disciplinary action.

55. Upon information and belief, Pathways was unaware of any requirement under its federal obligations to conduct a manifestation determination review meeting prior to removing a child with a disability from school.

56. In response, Pathways scheduled a post-facto manifestation determination review for January 8, 2025, to discuss whether A.M.'s disabilities caused or were directly related to the behavior and incident for which A.M. was expelled.

57. On December 18, 2024, however, Pathways sent an email informing the family that it was removing and canceling the manifestation determination review meeting and that A.M.'s expulsion decision is final.

58. Mrs. S.M. received an automated cancellation notice of the scheduled "Manifestation Hearing" generated from Director Dodd.

59. A.M.'s current educational status in the state of Wisconsin is as an expelled student.

60. After her expulsion from Pathways, A.M. was enrolled mid-year in Milwaukee Public School District, where she struggled with the large class sizes and environment. Without any other options for a smaller environment, A.M. enrolled in Destinations Career Academy of Wisconsin, a virtual school through McFarland School District, where she remained enrolled through the duration of the 2024-2025 school year.

61. A.M. currently attends Dr. Howard Fuller Collegiate Academy for the 2025-2026 school year.

62. Throughout the period of Pathways' exclusion of A.M., Pathways provided a full day of public education for other students at Pathways, including in the Pathways school building where A.M. otherwise would have continued attending.

# CAUSES OF ACTION

## COUNT I: VIOLATION OF § 504 – FAPE

63. Plaintiffs reallege and reincorporate all previous paragraphs.

64. Pathways is a recipient of federal financial assistance and is therefore obligated to comply with Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulations 34 C.F.R. §104 et seq.

65. A.M. is an individual with disabilities and multiple diagnoses. A.M.'s disabilities limit major aspects of her life, making many activities difficult for her, especially the ability to regulate his emotions and behaviors, develop appropriate peer relationships, learn, and properly interact with her environment.

66. At all times pertinent to this Complaint, A.M. qualified for enrollment at Pathways.

67. A.M. is a qualified individual under Section 504.

68. Section 504 requires equal opportunity of a qualified person with a disability to participate in or benefit from educational aid, benefits, or services. 34 C.F.R. § 104.4.

69. The provision of a Free Appropriate Public Education under Section 504 refers to the provision of related aids and services, accommodations, and modifications designed to meet the individual academic, behavioral, social, and emotional needs of students with disabilities as adequately as the needs of students without disabilities are met. 34 C.F.R. § 104.33.

70. Pathways failed to provide A.M. with the necessary accommodations, services, and supports described in her 504 Plan.

71. Pathways failure to provide A.M. with the necessary accommodations, services, and supports resulted in the exacerbation of her disability-related challenges, resulting in a barrier to accessing her education alongside her peers.

72. Pathways failure to provide A.M. with the necessary accommodations, services, and supports violates the cornerstone of Section 504 protections for children with disabilities in public schools and constitutes a denial of a Free Appropriate Public Education as the term is used and understood under Section 504.

73. Pathways discriminated against A.M. on the basis of her disabilities in violation of Section 504.

74. Pathways' violations of Section 504 have caused and continue to cause A.M., S.M., and E.M. harm.

75. At the time Pathways violated Section 504, it had knowledge that a harm to a federally protected right was substantially likely and failed to act upon that likelihood.

**COUNT II: VIOLATION OF § 504 – PROCEDURAL SAFEGUARDS**

76. Plaintiffs reallege and reincorporate all previous paragraphs.

77. Pathways is a recipient of federal financial assistance and is therefore obligated to comply with Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulations 34 C.F.R. §104 et seq.

78. A.M. is an individual with disabilities and multiple diagnoses. A.M.'s disabilities limit major aspects of her life, making many activities difficult for her, especially the ability to regulate her emotions and appropriately interact with her environment, peers, and those around her.

79. At all times pertinent to this Complaint, A.M. qualified for enrollment at Pathways.

80. A.M. is therefore a qualified individual under Section 504.

81. Section 504 prohibits public school districts from discriminating against students on the basis of their disabilities when imposing discipline.

82. Section 504's procedural safeguards require school districts to evaluate students with disabilities prior to any significant change in placement, including disciplinary changes in placement such as long-term suspensions, removals, or expulsions.

83. The purpose of the 504 placement "evaluation" (or manifestation review, as the term is understood and interchangeably used) is to determine whether the conduct subject to the proposed discipline is based on the student's disability. *Id.* at § 104.35(a).

84. If a school district determines that the student's conduct was disability-based, the school district is prohibited from carrying out any further discipline, as doing so would deny the student equal educational opportunity by excluding them based on disability, in violation of Section 504.

85. Pathways' failure to conduct a manifestation determination of A.M. prior to its expulsion of A.M. was in violation of Section 504's procedural protections.

86. Pathways' intentional cancellation of a post-facto manifestation determination review further establishes its knowledge that a harm to a federally protected right had and continued to occur, and it continued to fail to act upon that knowledge to redress the harm it caused.

87. Had Pathways conducted the required manifestation determination review regarding the November 12, 2024, incident, it would have been clearly established that, based upon all of the information Pathways maintained about A.M. and her disabilities, the incident was caused by or directly related to A.M.'s disabilities.

88. The proper manifestation determination finding would have prohibited Pathways improper expulsion of A.M.

89. Pathways improper expulsion of A.M. for a behavior caused by her disabilities and known challenges characteristic of her diagnoses resulted in Pathways' wrongful exclusion of

13

A.M. from and denied her the benefits of, including meaningful access to, Pathways educational services on the basis of her disabilities in violation of Section 504.

90. Pathways discriminated against A.M. on the basis of her disabilities in violation of Section 504.

91. Pathways' violations of Section 504 have caused and continue to cause A.M., S.M., and E.M. harm.

92. At the time Pathways violated Section 504, it had knowledge that a harm to a federally protected right was substantially likely and failed to act upon that likelihood.

## COUNT III: VIOLATION TITLE II OF THE ADA

93. Plaintiffs reallege and reincorporate all previous paragraphs.

94. Defendant Pathways is a public school district that receives federal funding and is therefore subject to Title II of the ADA, 42 U.S.C. § 12101 et seq.

95. Title II of the ADA prohibits recipients of federal funds from intentionally discriminating against a person on the basis of disability.

96. A.M. is an individual with disabilities and multiple diagnosis. A.M.'s disabilities limit major aspects of her life, making activities difficult for her, especially the ability to regulate her emotions and appropriately interact with her environment, peers, and those around her.

97. At all times pertinent to this Complaint, A.M. qualified for enrollment at Pathways.

98. A.M. was therefore at all relevant times a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

99. At all times relevant to this Complaint, Pathways was aware of A.M.'s disabilities.

100. Pathways failed to provide a free appropriate public education to A.M., in violation of the ADA, 42 U.S.C. § 12132, which prohibits discrimination against persons with disabilities by a public entity. The statutory directive has been interpreted as establishing the obligation of a public school district to provide FAPE.

101. Pathways discriminated against A.M. on the basis of her disabilities when it intentionally ignored A.M.'s disability-related needs and reasonable accommodations.

102. Pathways discriminated against A.M. on the basis of her disabilities when it excluded A.M. from its school via its expulsion of A.M. for an incident caused by or directly related to her disabilities, effectively denying her access to an equal education.

103. Upon information and belief, Pathways employees do not subject non-disabled students or students with non-behavioral disabilities to the same type of conduct.

104. Pathways excluded A.M. from participation in and denied her the benefits of Pathways educational services on the basis of her disabilities in violation of the IDEA.

105. Pathways denied A.M. the opportunity to participate in or benefit from an aid, benefit, or service on a basis that is equal to, and as effective as, that provided to others.

106. Pathways discriminated against A.M. on the basis of her disabilities in violation of 28 C.F.R. § 35.130(b)(1).

107. Pathways violations of the ADA have harmed and continued to cause harm to Plaintiffs A.M., and her parents, S.M. and E.M.

108. At the time Pathways wrongfully removed A.M. from school, it had knowledge that a harm to a federally protected right was substantially likely and failed to act upon that likelihood.

WHEREFORE, Plaintiff prays for the following relief:

1. Declare that Pathways violated A.M., S.M., and E.M.'s rights as alleged here.
2. Order preliminary and permanent injunction against Pathways for enforcement of its November 26, 2024/December 2, 2024, expulsion order of A.M.
3. Order Pathways to amend A.M.'s educational record to include that the incident on November 12, 2024, was a manifestation of A.M.'s disabilities.
4. Order Pathways to nullify, void, and set aside its November 26, 2024/December 2, 2024, expulsion order of A.M.
5. Award compensatory and punitive damages in an amount to be proven at hearing and to the extent allowable by law.
6. Order Pathways to pay all of Plaintiffs' attorneys' fees and costs incurred herein.
7. Grant such other and further relief as this Court deems proper under the circumstances.

A jury trial is requested.

Respectfully submitted this 4th day of November 2025,

s/ Ally Seneczko
Ally Seneczko
State Bar No. 1133724
Attorney for Plaintiffs

**DISABILITY RIGHTS WISCONSIN**
1205 S. 70th Street, Ste. 500
Milwaukee, WI 53214
Phone: 414-727-0929
Fax: 833-635-1968
Email: allys@drwi.org